IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| Michael K. Heron | : | |
| | : | |
| Debtors | : | Chapter 11 |
| | : | |
| Michael K. Heron        Plaintiff | : | Bankruptcy No. 19-24527 TPA |
| | : | |
| | : | Adv No. 20-02133-TPA |
| v. | : | |
| BANK OF AMERICA N.A | : | Related to Document 1 |
| Defendant | : | |

**ANSWER OF BANK OF AMERICA N.A. TO THE PLAINTIFF'S COMPLAINT TO DETERMINE SECURED STATUS**

Now Comes, Defendant, **BANK OF AMERICA N.A.**, ("Defendant"), by and through its undersigned counsel, Phelan Hallinan Diamond & Jones, LLP, and hereby responds to Plaintiff's Complaint to Determine Secured Status (the "Complaint") and in support thereof, avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied as stated. It is admitted that as of the time of the bankruptcy petition the total debt was $544,722.02.

7. Denied in part. Admitted in part. It is only admitted that Debtor's Schedule lists a value of the collateral property located at 1132 SE Kings Bay Drive in Crystal River, Florida 34429 in the amount of $400,000.00. However, Defendant disagrees and objects to Debtor's valuation as Debtor provides zero evidence to substantiate the value listed in the Schedule. Strict proof is demanded at hearing. Defendant is without sufficient

information to confirm or deny the condition of the property.  Additionally, Movant requests the opportunity to conduct an appraisal of the property, if needed.

8.  Denied.  Paragraph 8 contains conclusions of law to which no response is warranted.  To the extent that a response is called for, Defendant   Movant objects to this treatment of its claim and the proposed valuation of the property as, according to the mortgage, the subject property was acquired as Debtor's principal residence and Movant's claim is protected under the anti-modification clause of §1123(b)(5).  Further, Defendant disagrees and objects to Debtor's valuation as Debtor provides zero evidence to substantiate the value listed in the Schedule.  Strict proof is demanded at hearing.  Additionally, Movant requests the opportunity to conduct an appraisal of the property, if needed.

9.  Denied.  Paragraph 9 contains conclusions of law to which no response is warranted.  To the extent that a response is called for, Defendant   Movant objects to this treatment of its claim and the proposed valuation of the property as, according to the mortgage, the subject property was acquired as Debtor's principal residence and Movant's claim is protected under the anti-modification clause of §1123(b)(5).  Further, Defendant disagrees and objects to Debtor's valuation as Debtor provides zero evidence to substantiate the value listed in the Schedule.  Strict proof is demanded at hearing.  Additionally, Movant requests the opportunity to conduct an appraisal of the property, if needed.

**WHEREFORE**, Defendant, **BANK OF AMERICA N.A.** respectfully requests that this Honorable Court deny Plaintiff's Complaint in its entirety.

Date:  September 11, 2020

Respectfully submitted

/s/ Thomas Song, Esquire
Thomas Song, Esq., Id. No.89834
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext 31387
Fax Number: 215-568-7616
Email: Thomas.Song@phelanhallinan.com