# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>MICHAEL K. HERRON,<br>    Debtor.<br>-------------------------------------------------<br>MICHAEL K. HERRON,<br>    Plaintiff,<br>    v.<br>BANK OF AMERICA, N.A.,<br>    Defendant. | Adversary No. 20-02133-TPA<br><br>Related to Bankr. No. 19-24527-TPA<br><br>Chapter 11<br><br>Related to Doc. No. 28<br><br>Document No. 29 |

## MOTION TO RECONSIDER JUDGMENT ORDER

Michael K. Herron, by and through his undersigned counsel, hereby submits their Motion to Reconsider the Order of Judgment entered in the above-captioned Adversary Proceeding on May 11, 2021, as follows:

### Background

1.  The Plaintiff commenced this Adversary Proceeding on August 31, 2020 [doc. no. 1]

2.  On May 11, 2021, after the Defendant failed to obtain substituted counsel following the Court's approval of the withdrawal of its former counsel, the Court entered judgment against it by default (the "***Judgment Order***"). [doc. no. 28]

3.  Prior to entering the Judgment Order, this Court sought a proffer of proof from the undersigned counsel ("***Robleto***") concerning the Plaintiff's allegations.

4.  In the colloquy that followed, the Court inquired whether Robleto held an appraisal supporting the judgment sought. However, Robleto could not quickly locate the appraisal during

the hearing and, to expedite matters, the Court asked whether the undersigned believed he held such an appraisal.

5. In response to that inquiry, Robleto responded (truthfully, based on his knowledge in the moment) that he did believe that he held such an appraisal.

6. However, in reviewing the file, Robleto found that the appraisal (the "***Appraisal***") did not reflect a value of $400,000, but rather opines that the Plaintiff's real property at 1132 SE Kings Bay Drive in Crystal River, Florida (the "***Property***") has an estimated market value of $525,000. A copy of the Appraisal is attached hereto as *Exhibit A*.

7. While Robleto did not intend for his statement to mislead the Court, he nevertheless acknowledges that it may have done so. Consequently, Robleto believes he is required to take corrective action by filing this Motion for at least three reasons:

    a. on a foundational level, Robleto holds his integrity in the *highest* regard and will always act to preserve it;

    b. the governing ethical rules require "reasonable remedial measures" when a lawyer comes to know that evidence he has presented to the Court is false; *Pa. R. Prof. Conduct* 3.3(a)(3); and

    c. particularly, in the context of an *ex parte* proceeding, a lawyer has a duty to "inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." *Pa. R. Prof. Conduct* 3.3(d).

8. Against that background, the Plaintiff asks that the Court *reconsider* the Judgment Order but does not seek any alteration of it, subject to the discretion of the Court.

**Relevant Authority**

9. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334 and by operation of the Standing Order of Reference of the United States District Court for the Western District of Pennsylvania.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

11. This Motion is governed by 11 U.S.C. § 105 and Federal Rule of Civil Procedure 60, made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9024.

## Argument

12. Neither the Plaintiff nor Robleto intended to mislead this Court. In fact, this unsolicited Motion to Reconsider is evidence of that.

13. At the time of filing, the Plaintiff held a good faith belief that the value of the Property had been no more than $400,000.

14. The Plaintiff did not receive the Appraisal until January 11, 2021, at the earliest (*i.e.*, the date of the Appraisal). *Exh. A.*

15. Despite the estimated market value of $525,000, the Plaintiff believes that the Judgment Order of $400,000 may nevertheless be accurate. That is because the Appraisal is based on the presence of a structure that must be demolished. *Exh. A*, p. 2. Moreover, an express contingency of the statement of estimated value is the ability to secure the necessary building permits. *Id.*

16. This Court correctly determined that the Plaintiff was entitled to judgment and, on that basis, entered the Judgment Order.

17. The Plaintiff respectfully requests that this Court reconsider that Judgment Order, for the reasons set forth *supra*, but that the Court reaffirm its ruling.

WHEREFORE, the Plaintiff respectfully requests that this Court reconsider and reaffirm its Judgment Order.

Dated:  May 13, 2021                                        Respectfully submitted,

                                                   /s/ Aurelius Robleto
Aurelius Robleto
PA ID No. 94633
ROBLETO KURUCE, PLLC
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206
Tel:  (412) 925-8194
Fax:  (412) 346-1035
apr@robletolaw.com